Rodney Blaine JOHNSON,
Plaintiff-Appellant,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant-Appellee.

No. 81–3090.

United States Court of Appeals,
Sixth Circuit.

Argued April 19, 1982.

Decided May 27, 1982.

J. Miles Gibson, Barkan & Neff, Columbus, Ohio, for plaintiff-appellant.

Joseph Kane, Asst. U.S. Atty., Columbus, Ohio, Robert Behlen, Asst. U.S. Atty., Cincinnati, Ohio, for defendant-appellee.

Before EDWARDS, Chief Circuit Judge, CONTIE, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

CONTIE, Circuit Judge.

This is an appeal from an opinion and order affirming the Secretary's final decision to deny the plaintiff's application for child's insurance benefits. The plaintiff contends that the Secretary's decision was not based on substantial evidence and that the Administrative Law Judge (ALJ) ignored substantial evidence of appellant's disabling psychiatric impairment.

The plaintiff is the unmarried child of Richard Johnson, the deceased wage earner, and was born March 21, 1956. Under Title II of the Social Security Act, as amended, the plaintiff must establish, therefore, that he was under a disability which began before he attained the age of 22 on March 21, 1978, and that such disability lasted or was expected to last for a continuous 12 month period. 42 U.S.C. § 402(d)(1)(B)(ii). Under the facts of this case, there is no dispute that the plaintiff has been for a period disabled due to mental illness. What is disputed is whether Mr. Johnson was disabled on March 21, 1978 and whether he was disabled for a twelve month consecutive period beginning prior to March 21, 1978.

Some time prior to April 6, 1978, the plaintiff committed and was indicted on two counts of aggravated burglary and one count of rape. On April 6, 1978, Mr. Johnson, by order of the Franklin County Common Pleas Court, was institutionalized at the Lima State Hospital (LSH) pursuant to Ohio Revised Code, Sections 2945.37 and 2945.38 on the basis of being incompetent to stand trial.

On April 21, 1978, plaintiff was diagnosed by Dr. Moyer, a clinical psychologist at LSH, as having an active psychotic process known as chronic undifferentiated schizophrenia. Dr. Moyer determined that the plaintiff was not capable to stand trial in state court. This diagnosis by Dr. Moyer was consistent with the impression of Dr. Linder formed after seeing appellant at the hospital on April 6, 1978. In a report dated April 28, 1978, Dr. Linder further stated "[t]here is no doubt that at the present time the patient is mentally ill."

On June 15, 1978, officials at LSH determined that the plaintiff was legally restored to reason for purposes of standing trial because the plaintiff understood the charges against him and was able to counsel with his attorney. The report indicated, however, that medication must be continued to prevent a psychotic breakdown. Based on this report, the plaintiff was returned to the Franklin County Common Pleas Court to stand trial on June 30, 1978.

Mr. Johnson was then acquitted of the criminal charges against him by reason of insanity pursuant to Ohio Revised Code, Section 2945.39. Thus, on August 17, 1978, the plaintiff was reinstitutionalized indefinitely at the LSH.

After a psychiatric examination on August 17, 1978, Dr. Linder again diagnosed the plaintiff as possessing a psychotic process of chronic undifferentiated schizophre-

nia as well as other problems. On August 28, 1978, Dr. Moyer also diagnosed, after a visitation with plaintiff, that an evaluative process evidenced plaintiff as possessing chronic undifferentiated schizophrenia.

Continued interviews with the plaintiff at LSH were conducted and progress reports were made on September 27, 1978; October 26, 1978; November 15, 1978; and November 30, 1978. These progress reports generally describe the plaintiff's reports of how he was feeling. The September report also indicates that the plaintiff's medication was decreased and the November report indicates that plaintiff's medication was discontinued. The October report, however, indicates that the plaintiff should remain at LSH because he had been there such a short time, further evaluation was necessary to determine his mental condition. The plaintiff is still institutionalized at LSH.

Three findings of the ALJ, as adopted by the Secretary and as affirmed by the district court, are relevant to this appeal. First, the ALJ concluded that Mr. Johnson was not disabled as of March 21, 1978, despite the fact that he was institutionalized and diagnosed as having severe mental illness 16 days later. Second, the ALJ concluded that the plaintiff's disability was not continuous for 12 months based on the fact that Mr. Johnson was released from LSH in June, 1978, "restored to reason" and "able to stand trial." Finally, the ALJ concluded that the plaintiff's disability did not continue for 12 months based on the hospital progress reports indicating that Mr. Johnson is off medication, feeling good, oriented and cooperative.

▮ Upon consideration of the briefs and oral arguments of counsel, together with the record on appeal, this court concludes that the Secretary's final decision is not supported by substantial evidence. This court does not believe that the evidence relied upon by the Secretary is such that a reasonable mind might accept as adequate to support the conclusions drawn in this case. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976).

The fact that the plaintiff was involuntarily committed to LSH with a severe mental illness existing at least as of April 6, 1978, should have been substantially weighed in determining whether the plaintiff was unable to engage in substantial gainful employment on or before March 21, 1978. *Marion v. Gardner*, 359 F.2d 175 (8th Cir. 1966). Further, the Secretary should have also recognized that plaintiff's criminal conduct, for which he was acquitted by reason of insanity, necessarily occurred prior to April 6, 1978. The Secretary, however, did not consider this evidence nor the inferences that arise as a matter of practical common sense. The Secretary's conclusion that Mr. Johnson was not disabled as of March 21, 1978, is not supported by substantial evidence.

Similarly, the fact that the plaintiff was released from institutionalization for the purpose of standing trial is not per se evidence that the plaintiff is able to engage in gainful employment. The Secretary's own regulations provide that a release from an institution does not establish improvement from a disability; severity and duration of impairment are determined by medical evidence. 20 C.F.R. subpart P, Appendix 1, § 12.00 (1981). The medical evidence in the record indicates that at the time of his release, Mr. Johnson needed medication to prevent a "psychotic breakdown" and that he was recommitted and found to still possess a psychotic condition in August, 1978.

Finally, the plaintiff's progress reports indicating that Mr. Johnson is off medication and circulating with the general population at LSH is not substantial medical evidence that Mr. Johnson's mental impairments do not continue. Both in April and August, the plaintiff was diagnosed as possessing an active psychotic process known as chronic undifferentiated schizophrenia and there is no evidence in Mr. Johnson's medical file that this condition has been cured. We also believe that the Secretary erred in not finding that a presumption of disability had arisen under 20 C.F.R., subpart P, Appendix 1, Section 12.03 (1981).

Accordingly, we REVERSE the decision of the district court and REMAND with directions to award disability benefits to the claimant.